Barbour, J.
An application is made to me, at chambers, by the plaintiff, in an action to which the above title may be given for the purpose of this opinion, for an order of arrest, under the 4th subdivision of section 179 of the Code.
*656 The application is founded upon an affidavit which states that, on a certain day therein designated, “the defendant applied to the plaintiff to purchase certain merchandise from the latter, upon a credit, and then represented to the plaintiff that he, the said defendant, was in good circumstances, and abundantly able to pay all his debts ; that he was the owner of the house in which he resided, and that the same was unincumbered ; ” that the plaintiff, relying upon the truth of such statements, sold and delivered goods to the defendant to the amount of $3000 upon credit; that the same have not been paid for, and that such representations so made by the defendant were untrue.
This affidavit is insufficient; and that, I will add, has been the case in a large majority of instances, upon similar applications, at the present term.
The highest and most powerful process known to the law in civil actions—a process which may take a man from his family and business and confine him within the walls of a prison— ought not to be granted without a full compliance by the party applying for it, both with the letter, and spirit of the statute, which authorizes a judge to issue it; even though an excuse be offered, as is usual, that want of time has prevented the preparation of the proper papers.
To entitle a plaintiff to the order contemplated by the 179th section, upon the grounds mentioned in subdivision 4, his affidavits should show in a case like this :
1st. All the facts necessary to entitle the plaintiff to recover; or, in other words, the facts constituting a cause of action.
2d. That the defendant applied to the plaintiff, and requested him to sell goods to the latter on a credit, stating when and where.
3d. That, for the' purpose of inducing the plaintiff to sell him such goods on a credit, the defendant then and there, fálsely and fraudulently stated and represented to the plaintiff that he, the défendant, &c. (setting forth the representations.)
4th. That the plaintiff believed such statements and representations to be true, and was thereby induced to, and then *657 did, sell and deliver to the defendant upon a credit, the goods so applied for by him.; and that, except for such statements and representations the plaintiff would not have made such sale and delivery.
5th. That all of the said statements and representations, (or a part of the same, stating which,) were false and untrue when so made to the plaintiff, to the knowledge of the defendant, and that the defendant made the same with intent to defraud the plaintiff by obtaining the said goods upon a credit and without paying for them.
This general allegation as to the falsity of the defendant’s representations must be accompanied by a detailed averment of such facts, within the knowledge of the person making the affidavit, as shall be sufficient to satisfy the judge before whom the application is made, that such representations so made by the defendant were untrue when made. It is not enough to say that the representations were untrue. That is a mere opinion or conclusion of the person making the affidavit, and if founded upon facts within his knowledge, such facts should be stated, so that the judge may determine whether that conclusion is correct; if not so founded, it is valueless as evidence.
Motion denied.